Nathaniel B. WRIGHT, III, et al., Appellees,

v.

Delbert C. JACKSON et al., Appellants.

No. 74–1971.

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1975.

Decided Aug. 14, 1975.

---

**35.** An Analysis of Forestry Issues in the First Session of the Ninety-Second Congress, pp. 4, 5 *supra,* n. 30.

David P. Sutton, Washington, D. C. (C. Francis Murphy, Louis P. Robbins and

Richard W. Barton, Washington, D. C., on brief), for appellants.

Geoffrey Judd Vitt, Alexandria, Va. (Cohen & Vitt, Alexandria, Va., William H. Allen, Michael A. Schlanger and David S. Weissbrodt, Covington & Burling, Washington, D. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, ALDRICH * and WINTER, Circuit Judges.

ALDRICH, Senior Circuit Judge.

The questions involved in this appeal are the propriety, vel non, and the measure, of an award of fees to counsel for prisoners in a declaratory action seeking revision of the rules and procedures for disciplinary proceedings at the Federal Reformatory at Lorton, Virginia. This institution houses certain prisoners from the District of Columbia. In a prior appeal by defendant prison authorities we remanded for reconsideration because the Supreme Court's subsequent decision in *Wolff v. McDonnell*, 1974, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, revealed that the district court had exceeded its powers. At the same time we ordered that court to decline to exercise jurisdiction, and, in the interests of uniformity, to transfer the case to be heard with some of similar nature presently pending in the District of Columbia District. *Wright v. Jackson*, 4 Cir., 1974, 505 F.2d 1229. While that appeal was sub judice, the district court awarded plaintiffs' counsel fees based on their entire trial activity, stating two grounds therefor; defendants' obstinacy, and the fact that plaintiff had conferred a public benefit, both to other prisoners similarly situated and to defendants themselves.

■ Before us defendants' first contention is that, in the light of our decision, the district court had no jurisdiction, and therefore could not award costs. Quite apart from the fact that costs may be awarded although a court dismisses for lack of jurisdiction, 28 U.S.C. § 1919, *see Mashak v. Hacker*, 7 Cir., 1962, 303 F.2d 526, 527 (per curiam), our transfer was plainly stated to be based upon equitable, not strict jurisdictional grounds. Defendants' point is ill taken.

■ Since oral argument, however, defendants have been supplied with a better defense so far as the award of counsel fees on a public benefit basis is concerned: it is not to be done. *Alyeska Pipeline Service Co. v. The Wilderness Society*, (1975) 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141. To the extent that *Alyeska* recognizes an exception for certain types of benefits conferred upon identifiable individuals, we do not find that exception applicable here.

The *Alyeska* Court expressly excluded from its condemnation, however, "attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the defendant.' [citations omitted] or when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . .' [citations omitted]." Accordingly, there is still open the question of an award based on a finding of obduracy.

■ A question not raised by either party is the district court's power to award costs after the filing of a notice of appeal. An appeal from a final order normally ousts the district court of jurisdiction. See 9 Moore's Federal Practice, ¶ 203.11, at 734. While power to perform "ministerial" acts remains, *cf. Sykes v. United States*, 8 Cir., 1968, 392 F.2d 735, 738; Moore, ante, at 734, which would include the routine assessment of costs, *Independent Productions Corp. v. Loew's, Inc.*, S.D.N.Y., 1960, 184 F.Supp. 671, 672, we are aware of no case dealing with discretionary costs which, as this case demonstrates, might well lead to an appeal. The policy against piecemeal appeals suggests that a court proposing to award discretionary costs should do so before the appeal is taken from its substantive order. We believe that it more than suggests that to the extent its measure depends upon the cor-

* Of the First Circuit, sitting by designation.

rectness, vel non, of its substantive order, it should be made in time for us to consider both matters together. We would hold that insofar as a court's measure of a party's obstinacy depends on the merits of the case, it must make that assessment while the merits are before it, either prior to an appeal, or on remand after they have been settled.

█ We do not feel obliged, however, to apply this prohibition to an award for general obstinacy unconnected with the merits of the case. On this aspect the court found three general grounds. The first was defendants' unwillingness, from the beginning, to "conciliate," particularly where it was "implicitly conceded by [their] counsel" that some of their procedures needed correcting. Secondly, the court found unsatisfactory defendants' response to its directions to draft rules. Finally, and this, according to the court, was where "the real obduracy and obstinacy set in," defendants were recalcitrant in carrying out the final order. All of these were fitting subject for obduracy. None, however, singly or collectively, warranted the court's decision awarding fees computed on counsel's total preparation and trial time. An award for obstinacy, although a penalty, is only for the unnecessary effort occasioned by the obstinacy. *Cf. Carrillo v. Westbulk,* 1 Cir., 1975, 514 F.2d 1214; *Gerstle v. Gamble-Skogmo, Inc.,* 2 Cir., 1973, 478 F.2d 1281, 1309; *Marston v. American Employers Ins. Co.,* 1 Cir., 1971, 439 F.2d 1035, 1042. No matter how obdurate defendants may have been, for example, in their refusal of performance, which led, in fact, to a finding of contempt, this could not justify an assessment for a previous part of the case in which no obstinacy occurred. Accordingly, even though some bases for the district court's award survive our previous disposition, we must remand for a recomputation, limited to an assessment of the extent to which plaintiffs were burdened by defendants' obstinate conduct.

██ While we do not agree with defendants that a party who offers a legitimate defense cannot have been obstinate in the process, *Marston v. American Employers,* ante,—indeed, even a winner may have to pay obstinacy fees, *McEnteggart v. Cataldo,* 1 Cir., 1971, 451 F.2d 1109, *cert. denied,* 408 U.S. 943, 92 S.Ct. 2878, 33 L.Ed.2d 767,—we find the grounds for the award by the district court overbroad. In the first place, failure to "conciliate" is altogether too general a charge. We have serious reservations whether mere refusal to settle a legitimate controversy can ever, by calling it obstinacy, serve as a basis for imposing attorney's fees. *Cf. F. D. Rich Co. v. Industrial Lumber Co.,* 1974, 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703; *Carrillo v. Westbulk,* ante. In any event, in the case at bar, if the found obstinacy was simply refusal to concede substantive issues on which the court felt defendants were plainly wrong, that matter was no longer open. On the other hand, if it meant that defendants refused to concede matters about which there could be no legitimate dispute, this would be classic obstinacy.

█ There remains the question of the extent that defendants were obdurate in regard to redrafting their rules in response to the court's instructions. Even if the decision was erroneous, defendants were obligated to obey until there was a stay, or a reversal. If their inadequate redrafting was obstinate and thereby occasioned the expenditure of unnecessary time by plaintiffs, here, in addition to "the real obduracy" in failing to comply with the final order previously referred to, or obdurate failure to concede, we see a basis for obstinacy fees. These were strictly district court matters, and we feel may be properly considered within the authority to tax costs that remains in the district court even after an appeal.

We vacate the award of plaintiffs' counsel fees and remand for a new assessment consistent herewith.