Colin M. **GONZALES**, infant by his parents, **Raymond Gonzales and Margaret R. Gonzales,** and **Michael C. McCrary,** infant by **Curtis L. McCrary and Sandra McCrary**, Appellants,

v.

**FAIRFAX–BREWSTER SCHOOL, INC., Russell L. Runyon, Katheryne E. Runyon and Southern Independent School Association,** Appellees.

No. 77–1278.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1977.

Decided Jan. 20, 1978.

---

Roderic V. O. Boggs, Washington Lawyers' Committee for Civil Rights Under Law, Washington, D. C. (Allison W. Brown, Jr., Washington, D. C., Robert M. Alexander, Arlington, Va., on brief), for appellants.

Andrew A. Lipscomb, Bethesda, Md., for appellee Fairfax-Brewster School, Inc.

Louis Koutoulakos, Arlington, Va., for appellees Russell L. Runyon, Katheryne E. Runyon, d/b/a Bobbe's Private School.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and FIELD, Senior Circuit Judge.

FIELD, Senior Circuit Judge:

This is the epilogue to *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), in which the Supreme Court held that private schools are prohibited by the Civil Rights Act of 1866, 42 U.S.C. § 1981, from denying admission to individuals on the basis of race. When the case returned to the district court pursuant to the Supreme Court's judgment, counsel for the plaintiffs filed a motion seeking an award of attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as amended, 90 Stat.

2641.[1] The motion was denied by the district court and this appeal followed.

A brief history of this litigation is essential to the disposition of this appeal. The proceedings originated with the filing of two complaints in the district court on December 19, 1972. The cases were consolidated and on July 27, 1973, the district court issued its decision in which it ruled in favor of the plaintiffs in both cases. The court ordered appropriate injunctive relief and awarded compensatory damages. The district court also held that the plaintiffs were entitled to attorneys' fees in the amount of $1,000.00 against each of the defendant schools.

Upon appeal to this court, the case was heard en banc and the majority of the court affirmed the district court's injunctive order and award of damages.[2] However, we reversed the district court's award of attorneys' fees, holding that in the absence of any statutory authorization such an award was inappropriate under the "private attorney general" doctrine, and that the facts did not warrant an award on the theory that the defendants had displayed bad faith or obdurate obstinacy.

Upon the petitions of the defendants, as well as the intervenor, the Supreme Court granted certiorari and affirmed the decision of this court upon the principal issues in the case. In addition, the Court granted the plaintiffs' cross-petition for certiorari on the issue of attorneys' fees, but rejected the plaintiffs' contention that they should be awarded such fees under the bad faith exception to the established American rule. The judgment of the Supreme Court was issued on August 11, 1976, and provided, among other things, that the costs of printing the record should be shared equally by the four parties who had sought review in that Court. The judgment was mailed to the Clerk of our court who in turn forwarded it to the Clerk's office of the district court where it was received on August 16, 1976.

The Civil Rights Attorney's Fees Awards Act of 1976 was signed into law on October 19, 1976, and on November 1, 1976, the plaintiffs filed their motion in the district court for an award of costs and attorneys' fees. Their motion noted that the district court had not acted upon the plaintiffs' request for costs in that court[3] under 28 U.S.C. § 1920, and that the costs awarded to the defendants under the order of the Supreme Court had not been taxed by the Clerk of the district court as part of that court's final judgment. The motion requested that the district court enter an order settling the costs and awarding attorneys' fees in the amount of $53,475.00 as part of the costs as provided in the 1976 amendment. The district court denied the request for attorneys' fees and ruled that each party should bear its own costs in that court. The order also provided that the costs assessed against the plaintiffs by the Supreme Court should be paid to the defendants as specified in that Court's judgment.[4]

1. The amendatory language is as follows:
   "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

2. Reported *sub nom. McCrary v. Runyon,* 515 F.2d 1082 (4 Cir. 1975).

3. The amount of costs claimed by the plaintiffs was $153.09 from Fairfax-Brewster School, Inc., and $162.37 against Bobbe's School.

4. While the plaintiffs' motion was pending in the district court, the defendants filed motions in this court requesting that we require the plaintiffs to reimburse each defendant for an appropriate share of the cost of printing the appendix. The order of the district court expressly stated that it declined to rule on this aspect of the case. By order entered in this court on January 24, 1977, we directed that costs for the preparation of the appendix should be shared proportionately by the parties based upon the respective materials submitted.

■ The plaintiffs rely primarily upon *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), as well as our decision in *Alphin v. Henson,* 552 F.2d 1033 (4 Cir., 1977). However, in our opinion neither of those cases supports the plaintiffs' position. The issue in *Bradley* was stated by the Court as follows:

"The question, properly viewed, then, is not simply one relating to the propriety of retroactive application of § 718 to services rendered prior to its enactment, but rather, one relating to the applicability of that section to a situation where the propriety of a fee award was pending resolution on appeal when the statute became law." 416 U.S. at 710, 94 S.Ct. at 2015.

The award of fees in that case was based upon the well recognized "principle that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Id.* at 711, 94 S.Ct. at 2016. Unlike *Bradley,* in the present case the amendment was not enacted while the appeal was pending, but was signed into law over two months after the judgment of the Supreme Court had been filed in the district court. In the light of this chronology, it is clear that the plaintiffs are not entitled to the benefit of *Bradley's* rationale.

■ Similarly, our decision in *Alphin* is inapposite. In that case the plaintiffs' claim to attorney's fees was the sole subject of the appeal. Our initial decision was adverse to the plaintiffs, and on June 25, 1976, we stayed our mandate to permit them to petition for certiorari. The petition for certiorari was filed in the Supreme Court on August 16, 1976, and on September 30, 1976, the statute authorizing the award of such fees was enacted. Certiorari was denied on November 15, 1976, and two days thereafter a petition for rehearing based upon the newly enacted statute was filed with us. We granted a further stay of our mandate to consider the plaintiffs' claim. Noting that "[o]ur control over a judgment of our court continues until our mandate has issued," 552 F.2d at 1035, we concluded that our decision in that case had not become a finality and that, accordingly, it was appropriate to amend our previous decision to bring it into conformity with the newly enacted statute. As heretofore noted, in the present case the judgment of the Supreme Court had been filed with the Clerk of the district court on August 16, 1976, over two months prior to the effective date of the Fees Awards Act of 1976. Further jurisdiction of the district court was dependent upon the terms of the appellate mandate, and the court had no authority to reopen the case for the consideration of attorneys' fees or to conduct any proceedings except those specifically authorized by the appellate judgment. *See DuBuit v. Harwell Enterprises, Inc.,* 540 F.2d 690, 693 (4 Cir. 1976).

■ While we affirm the denial of attorneys' fees, we think the district court acted improperly in directing that each party should bear its own costs in that court. In its order of July 27, 1973, the court had awarded such costs to the plaintiffs, and none of the parties had appealed from that aspect of the initial judgment order. Since the award of such costs had become a finality, the district court had no authority to alter it in any way in carrying out the judgment of the Supreme Court of the United States. Accordingly, we reverse the action of the district court in this respect and remand the case with directions to reinstate the taxation of costs under 28 U.S.C. § 1920 against the defendants.

AFFIRMED in part, REVERSED in part, and REMANDED.