**Philip J. HIRSCHKOP**

v.

**Honorable H. F. SNEAD et al.**

**Civ. A. No. 74–0243–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 2, 1979.

Philip J. Hirschkop, pro se.

Anthony F. Troy, Deputy Atty. Gen., Henry M. Massie, Jr., Asst. Atty. Gen., Commonwealth of Virginia, Richmond, Va., John W. Riely, James E. Farnham, Jack E. McClard, Hunton & Williams, Richmond, Va., for defendants.

Richard C. Shadyac, Annandale, Va., Jeremiah S. Gutman, New York City, for intervenors American Civil Liberties Union of Va. and Richmond Newspapers Professional Assn.

## MEMORANDUM

WARRINER, District Judge.

On 2 April 1979 this Court entered judgment pursuant to the mandate of the United States Court of Appeals for the Fourth Circuit in this matter. On 3 May 1979 the plaintiff moved the Court for an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The Court was concerned that plaintiff's motion was properly a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e), which must be made within 10 days of the entry of judgment. Accordingly, on 8 June 1979 the Court, directing the parties' attention to *Fase v. Seafarers Welfare & Pension Plan,* 589 F.2d 112 (2d Cir. 1978) and *Stacy v. Williams,* 446 F.2d 1366 (5th Cir. 1971), called for briefs on the question of the Court's jurisdiction to hear and determine the plaintiff's motion. Those briefs having now been received, the matter is ripe for disposition.

Rule 59(e) provides that, "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

■ Rule 6(b) provides in pertinent part that the Court may not extend the time for taking any action under Rule 59(e). As judgment was entered herein on 2 April 1979, the period within which a motion under Rule 59(e) could properly be made expired on 12 April 1979. Thus, if the plaintiff's motion is one pursuant to Rule 59(e) the Court has no jurisdiction to consider it.[1]

1. The Court has little doubt that it would have jurisdiction over a timely motion for an award of attorney's fees in this matter despite the silence of the mandate on the question of attor-

The first question for the Court to consider is whether the judgment of 2 April 1979 is a final order, or whether the failure of the Court to resolve the question of attorney's fees in that order deprived that order of finality under Rule 54(b). Rule 54(b) provides that when more than one claim for relief is presented in an action, any order which adjudicates fewer than all of the claims presented shall not terminate the action, but all orders shall be subject to revision at any time before the entry of a judgment adjudicating all the claims. Plaintiff argues that because the Court had not determined the matter of attorney's fees in its order of 2 April that order is not final for the purposes of Rule 59(e).

■ The Court cannot agree with this analysis for several reasons. First, the order of 2 April was entered pursuant to the mandate of the Fourth Circuit. It fulfills that mandate in every respect, and was intended by the Court to be a final order terminating the present litigation. The order of 2 April resolved all issues then before the Court, and left "nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). It is true that the order of 2 April did not deal specifically with the question of costs or of counsel fees. There can be no doubt, however, that the attorney's fee to be allowed "as part of the costs" under § 1988 is qualitatively different from the costs allowed as of course to the prevailing party under Rule 54(d). *See* 28 U.S.C. §§ 1920, 2412; *but see Lichtenstein v. Lichtenstein,* 55 F.R.D. 535 (E.D.Pa. 1972), *rev'd. on other grounds* 481 F.2d 682 (3d Cir. 1973), *cert. den.* 414 U.S. 1144, 84 S.Ct. 895, 39 L.Ed.2d 98 (1974). Thus, the judgment entered on 2 April fully resolved all issues then before the Court even though it did not allow for attorney's fees.

■ Plaintiff does not argue that he should now be permitted to amend his bill

of costs to include attorney's fees. Instead, plaintiff's argument is that § 1988 entitles plaintiff to an exercise of discretion by the Court on the matter of attorney's fees in any case in which the statute is applicable, whether the question of attorney's fees is raised by the parties or not. The inference is that the Court should raise the issue of attorney's fees *sua sponte.* This, however, has not been the practice in this Court, nor is the Court convinced that it is the better practice. Indeed, for the Court to raise the issue of attorney's fees *sua sponte* would, in this Court's view, unduly interfere with the parties' conduct of their own litigation, and is not to be favored.

■ Further, the Fourth Circuit has held that a district court lacks jurisdiction to award discretionary costs such as attorney's fees after the filing of a notice of appeal, where the Court's discretion as to costs depends upon the merits of the case. *Wright v. Jackson,* 522 F.2d 955, 957–8, (4th Cir. 1975). This holding makes it clear that failure by the district court to award discretionary costs does not deprive a judgment of finality. For all these reasons, the Court concludes that the order of 2 April 1979 was a final order.

■ Plaintiff's second argument, which must necessarily be an argument in the alternative, is that plaintiff's claim for attorney's fees is a collateral or independent claim, which may be considered after the entry of judgment and which does not affect the finality of the order of 2 April. The question of whether a particular order deals solely with a collateral claim normally arises when a party seeks to appeal such an order prior to the termination of litigation on the underlying claim. The existence of such collateral orders was recognized by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). One of the

ney's fees. *Sprague v. Ticnoic Nat'l Bank,* 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). The present case is distinguishable from *Gonzales v. Fairfax-Brewster School, Inc.,* 569 F.2d 1294, 1297 (4th Cir. 1978), *cert. den.* 439 U.S. 927, 99 S.Ct. 311, 58 L.Ed.2d 329 (Oct.

29, 1978), in that in *Gonzales* the question of attorney's fees had previously been ruled upon by the Court of Appeals. In the present case the matter of attorney's fees has never been considered by any court and therefore remains open under the mandate.

necessary attributes of a collateral claim is that it must be separable from the rights asserted in the main claim and neither affect nor be affected by the decision on the merits. Wright, Miller & Cooper, *Federal Practice and Procedure* § 3911, p. 470. Under this standard, it is clear that the discretionary award of attorney's fees under § 1988 is not a collateral matter. The award of attorney's fees under § 1988 is necessarily and explicitly made dependent upon the merits of the case. The Fourth Circuit gives strength to this view in its guidelines where district courts are directed to consider the outcome of the case on the merits in setting the amount of an attorney's fee award. *Barber v. Kimbrell's*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978).

The distinction between a discretionary award of attorney's fees which depends upon the merits and one which is truly collateral was made by the Fourth Circuit in *Wright v. Jackson, supra.* In *Wright,* the district court had awarded plaintiff's attorney's fees on two grounds, defendants' obstinacy and the fact that plaintiff had conferred a public benefit. Defendants appealed, and during the pendency of the appeal the Supreme Court decided *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which held that awards for conferring a public benefit were not proper. Accordingly, the Court of Appeals considered only the district court's award of attorney's fees on account of defendants' obstinacy. The district court was affirmed only to the extent its award of attorney's fees, made after defendants filed their notice of appeal, was truly collateral and entirely independent of the merits of the case. Similarly, this Court may not award plaintiff his counsel fees in the absence of a timely motion under Rule 59(e), where the Court's determination of the propriety and the amount of attorney's fees "depends upon the merits of the case," as it assuredly must under § 1988.

Although the Court agrees with plaintiff's counsel that the question in its present statutory context presents a case of first impression, the weight of authority favors the proposition that a motion for attorney's fees under § 1988 must be made within 10 days of entry of final judgment under Rule 59(e). In *Glick v. White Motor Co.,* 317 F.Supp. 42 (E.D.Pa.1970), *aff'd.* 458 F.2d 1287 (3d Cir. 1972), plaintiff in a diversity action moved the Court to amend the judgment to include prejudgment interest and attorney's fees. The motions were served 28 days after entry of judgment. The Court granted the motion to amend the judgment to include prejudgment interest on grounds that such interest was available as a matter of right under the applicable law and failure to include such interest in the judgment was, therefore, a clerical mistake correctable under Rule 60(a). Turning to the motion for attorney's fees, the Court indicated that the motion would only be timely if plaintiff's entitlement to attorney's fees was a matter of right and not a matter of the discretion of the Court. 317 F.Supp. at 46. The Court treated plaintiff's motion as timely but held that plaintiff was not entitled as of right to an attorney's fee in a diversity tort action.

In *Stacy v. Williams,* 446 F.2d 1366 (5th Cir. 1971), the plaintiff sought to amend his bill of costs for allowance of a reasonable attorney's fee some two months after the entry of final judgment. The district court, noting that the motion did not concern itself with correcting a mere clerical mistake, but with the granting of new substantive relief, denied the motion because it was untimely filed under Rule 59(e), *Stacy v. Williams,* 50 F.R.D. 52, 54 (N.D.Miss.1970), and the Fifth Circuit affirmed.

*DuBuit v. Harwell Enterprises, Inc.,* 540 F.2d 690 (4th Cir. 1976), was a patent case in which the district court, approximately one year after the court of appeals affirmed its judgment on the merits, entered an order in which it found the case to be "exceptional" under 35 U.S.C. § 285, and directed the plaintiffs to pay defendant's counsel fees. The Court of Appeals reversed, holding: "[T]he issue of attorney's fees should have been considered and disposed of either prior to or at the time of the entry of final judgment in this case and not left open

pending the outcome of the appeal." 540 F.2d at 693. The clear implication of this holding is that discretionary awards of attorney's fees should be determined by the district court at the same time as the merits of the case. The decision in *DuBuit* thus reinforces the Fourth Circuit's decision in *Wright* discussed above. The expiration of the 10-day period provided by Rule 59(e) is analogous in its effects on the district court's jurisdiction in these matters to the filing of a notice of appeal, which was held to oust the court of jurisdiction in *Wright.*

In *Fase v. Seafarers Welfare & Pension Plan,* 79 F.R.D. 363, 366–67 (E.D.N.Y.1978), aff'd. 589 F.2d 112 (2d Cir. 1978), the court considered a motion for attorney's fees under § 502(g) of the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1132(g), made more than 30 days after the entry of judgment in plaintiff's favor. The district court held the denial of plaintiff's request for attorney's fees was required because the motion was not made within the 10-day period provided in Rule 59(e). The district court decided, in the alternative, that plaintiff was not entitled an award of attorney's fees on the merits. The Second Circuit affirmed the district court's view on the merits of the attorney's fees award, without expressing a view on the district court's ruling under Rule 59(e). The Second Circuit did, however, discuss the question in a footnote. 589 F.2d at 114 n. 3. The Court of Appeals indicated that certain circumstances, none of which exist in the present case, might relieve the plaintiff of the necessity of filing a motion for counsel fees within 10 days of judgment. The factors noted by the Second Circuit are discussed in more detail below.

Thus there is substantial authority that a motion seeking discretionary attorney's fees must be made, if at all, within 10 days after entry of judgment pursuant to Rule 59(e). The authority to the contrary is, by contrast, slight. In *Lichtenstein v. Lichtenstein, supra,* the district court first acknowledged the correctness of the rule that a plaintiff may not move to amend a judgment to allow counsel fees except within the 10 days provided by Rule 59(e), then

proceeded to treat plaintiff's motion as a motion to amend her bill of costs to include counsel fees. As noted above, the discretionary award of attorney's fees is substantially different from the allowance of costs provided by Rule 54(d). This difference has been repeatedly recognized. *Wright v. Jackson,* 522 F.2d 955, 957 (4th Cir. 1975); *Stacy v. Williams,* 446 F.2d 1366, 1367 (5th Cir. 1971). The district court in *Lichtenstein* chose to ignore this distinction. Thus, the Court is of the view that *Lichtenstein* was wrongly decided.

In *National Council of Community Mental Health Centers, Inc. v. Weinberger,* 387 F.Supp. 991 (D.D.C.1974), *rev'd. on other grounds* 178 U.S.App.D.C. 237, 546 F.2d 1003 (1976), *cert. den.* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977), the district court permitted an award of an attorney's fee on motion made more than 10 days after judgment, on grounds that the rule of *Stacy v. Williams, supra,* does not apply where costs in the form of attorney's fees are sought by the successful party from a common fund created by the litigation. Thus, the *Weinberger* court distinguished *Stacy* by holding that the crucial factor, a fund created by the litigation, was present in the *Weinberger* and not in *Stacy.* No such distinction may be made between *Stacy* and the present case.

Finally, in *Gonzalez v. Gonzalez,* 385 F.Supp. 1226 (D.P.R.1974), *vac. and rem. on other grounds* 536 F.2d 453 (1st Cir. 1976), the district court considered, without discussion of the timeliness question, a motion for an award of attorney's fees in a civil rights case filed 11 days after the entry of final judgment. Final judgment was entered in the matter on 15 November 1973 and the motion was filed on 26 November 1973. A motion for reconsideration filed by defendants on 28 November 1973 was denied by the district court as untimely under Rule 59(e). Thus, it appears that the district court in *Gonzalez* was of the view that motions for discretionary award of attorney's fees need not be made within the 10-day limitation found in Rule 59(e). However, this appearance is illusory. The

day on which the 10-day period prescribed under Rule 59(e) would have otherwise expired was a Sunday. Thus, under the provisions of Rule 6(a), the motion for an award of attorney's fees made on 26 November 1973 was timely under Rule 59(e).

The Second Circuit in *Fase* pointed to two possible situations in which motions for the discretionary award of attorney's fees might be permitted outside the 10-day period prescribed in Rule 59(e). These were cases where the attorney seeks to be paid out of a fund created by the judgment and those cases in which the attorney is asserting a right of his own and not a right of his client. It is plain that neither situation is present in plaintiff's case. There is no fund created by the litigation in the present case, nor is there any possibility of such a fund. This litigation never, up until the moment of the plaintiff's motion of 3 May 1979, contemplated any money changing hands. Nor is this a case in which plaintiff's attorneys are seeking to recover in their own right. The statutory authority for the award sought by the plaintiff is clear that it is the prevailing *party* that is entitled to an allowance of a reasonable attorney's fee. Plaintiff's attorneys neither possess nor assert a right to recovery separate from that of their client. Thus, neither of the two situations noted by the Second Circuit in *Fase* are present in this case.

Accordingly, the Court holds that it is without jurisdiction to consider plaintiff's motion for an award of attorney's fees.

The Court has considered the advisability of proceeding to express a view on the merits of plaintiff's claim under § 1988. Such an expression of views might render further proceedings unnecessary should the Court of Appeals determine that this Court does, in fact, have jurisdiction over plaintiff's motion. The Court has decided, however, that it would be inappropriate to express a view on the merits of plaintiff's motion at this time for two reasons.

First, the Court is of the view that a lack of jurisdiction means exactly what it implies—that the Court is without power to hear and decide a given matter. Only where the benefits to be gained from such a consideration would be substantial should the Court express its views on a matter which is not within its jurisdiction. In the present case, the benefits to be gained are and amount to nothing more than a small saving in time. None of the parties to this action is impoverished, and none will suffer substantial hardship if the decision of the Court on the merits, should the Court be held to have jurisdiction, is delayed. Indeed, plaintiff has specifically requested that the Court defer consideration of the merits of the present motion pending the outcome of another case now on appeal to the Fourth Circuit. If the Court refrains from expressing its views on the merits of the plaintiff's motion until after the question of its jurisdiction is finally determined, there is substantial likelihood that the Court will, at that time, have the benefit of the appellate court's views on the questions which face the Court on the merits of plaintiff's motion.

Second, the Court has noted in its research of the question of jurisdiction that in more than one instance the district court has decided the jurisdictional question and still proceeded to decide the merits of the motion as an alternative holding. The Court of Appeals has then proceeded to decide the merits of the attorney's fee question, either ignoring the jurisdictional problem completely or noting the jurisdictional problem without expressing a view. Thus, the particular problem presented by plaintiff's motion, that is, jurisdiction, or power, has only seldom been the subject of a focused inquiry on appeal. If such an unfortunate result can, with propriety, be avoided, it should. *See Richardson v. McFadden,* 563 F.2d 1130, 1131 (4th Cir. 1977).