Henry L. LUJAN, Plaintiff-Appellant,

v.

STATE OF NEW MEXICO HEALTH AND SOCIAL SERVICES DEPARTMENT, Defendant-Appellee.

Nos. 78–1832, 78–1865.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 28, 1979.

Decided July 7, 1980.

Gordon L. Bergman, Asst. Atty. Gen., Santa Fe, N. M., for defendant-appellee.

Before HOLLOWAY, McWILLIAMS and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

After exhausting his administrative remedies, Henry Lujan brought this action against the New Mexico Health and Social Services Department (Department) alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* He appeals the district court's judgment in favor of the Department. The Department cross-appeals the district court's refusal to award it attorneys fees as the prevailing party and, in addition, asks this court to award it attorneys fees and costs of the appeal under 42 U.S.C. § 2000e–5(k) and Rule 38 of the Federal Rules of Appellate Procedure. We affirm the judgment of the district court and decline to award defendant attorneys fees and costs of this appeal.

Lujan is a Spanish-American male who was employed by the Department as a probationary welfare worker from February 21, 1976, until he was terminated on June 18, 1976. During this time, Lujan sent out numerous memos and letters to administrators at all levels of the Department concerning methods of improving workers' performance, his views on affirmative action, requests for transfers, and alleged discrimination by the Department against minorities. He also wrote letters on various subjects regarding the Department to editors of local newspapers and magazines, to the state Attorney General, and to the governor of New Mexico. The Department alleged it terminated Lujan for poor job performance, caused in part by the amount of working time he spent preparing these memos.

## I.

### *The Title VII Appeal*

The issues presented at trial include whether Lujan was terminated due to his

national origin, or sex, or in retaliation for resisting discriminatory practices. The trial judge found no discrimination or retaliation and entered judgment for the Department. The only argument made by Lujan on appeal is that the judgment rendered below failed to comply with Rule 52 of the Federal Rules of Civil Procedure. Specifically, Lujan contends that the judgment does not set out adequate subsidiary facts to support the decision and consequently Lujan cannot ascertain whether the evidence was evaluated under the legal standard required by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). He urges us to remand for the making of more specific findings.

Rule 52(a) provides that "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon . . . ." Findings satisfy Rule 52 if they afford the reviewing court a clear understanding of the factual basis for the trial court's decision. *Kelley v. Everglades Drainage Dist.*, 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485 (1942); *Featherstone v. Barash*, 345 F.2d 246, 250 (10th Cir. 1965).

■ The trial court made specific oral findings that Lujan was tardy in the submission of periodic reports, failed to submit daily work reports as requested, and was disorganized in his work. The court found these facts sufficient to establish that Lujan was terminated for his failure to live up to job performance standards. It further found a lack of evidence to establish a pattern of discrimination based on race, national origin or sex. Although scanty, these findings suffice to support the trial court's ultimate finding that the Department did not discriminate or retaliate against Lujan.

■ Lugan urges, however, that the findings are nevertheless inadequate because they are not framed in terms of the three-step analysis of a Title VII action set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas*, the employee must first establish a prima facie case of discrimination by showing that he

"(1) belongs to a racial minority; (2) that he was qualified for his job; (3) that, despite his qualifications, he was discharged; and (4) that after his discharge the job remained available." *Id.* at 802, 93 S.Ct. at 1824; *Ray v. Safeway Stores, Inc.*, 614 F.2d 729, 730 (10th Cir. 1980). Once a prima facie case is established, the employer must articulate some legitimate, nondiscriminatory reason for termination. *Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 25, 99 S.Ct. 295, 296, 58 L.Ed.2d 216 (1978); *Furnco Construction Co. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1977). After a sufficient reason is presented by the employer, the employee must then prove that the justification was merely a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825.

This court has held that where the conduct of the trial substantially follows the guidelines in *McDonnell Douglas*, "the fact that the trial judge's findings and conclusions are not couched in the precise language of *McDonnell Douglas* [and] *Furnco* . . . does not necessitate a reversal." *James v. Newspaper Agency Corp.*, 591 F.2d 579, 583 (10th Cir. 1979). The record reflects here that Lujan presented evidence to establish a prima facie case, the Department articulated legitimate business reasons for the termination, and Lujan was provided the opportunity to rebut the Department's evidence. Thus, the format of the trial complied with the criteria established in *McDonnell Douglas*.

■ In finding for the Department, the trial court did not indicate whether Lujan had failed to establish a prima facie case or had failed to rebut the valid justifications for termination offered by the Department. While the better procedure is to analyze the evidence in terms of the *McDonnell Douglas* test, the judge's failure to specifically state whether Lujan established a prima facie case or failed to rebut the Department's evidence is not critical to our understanding of the trial court's factual basis for its ultimate conclusion. *Kentroti v. Frontier Airlines, Inc.*, 585 F.2d 967, 970 (10th Cir. 1978). Accordingly, the trial court judgment in favor of the Department is affirmed.

## II.

### Cross-Appeal for Attorneys Fees

The Department cross-appeals the trial court's refusal to award it attorneys fees under 42 U.S.C. § 2000e–5(k). "[A] prevailing defendant in a Title VII proceeding is to be awarded attorney's fees only when the court in the exercise of its discretion finds that the plaintiff's action was frivolous, unreasonable or without foundation." *EEOC v. Fruehauf Corp.*, 609 F.2d 434, 436 (10th Cir. 1979). Upon review of the record, we find no abuse of discretion and we affirm the trial court's refusal to award attorneys fees.

The Department also seeks an award of attorneys fees on appeal under both 42 U.S.C. § 2000e–5(k) and Rule 38 of the Federal Rules of Appellate Procedure, claiming that Lujan continued to litigate after his claim clearly became frivolous, unreasonable and groundless. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Although we have upheld the trial court's judgment in favor of the Department, we do not consider this an appropriate case in which to award attorneys fees on appeal. Accordingly, the request by the Department is denied.