Edward J. JANICKI et al., Plaintiffs,

v.

Frank PIZZA et al., Defendants.

No. C 78–242.

United States District Court,
N. D. Ohio, W. D.

Nov. 24, 1980.

Norman G. Zemmelman, Toledo, Ohio, for plaintiffs.

Robert G. Young, Frank Pizza, Law Director, Toledo, Ohio, for defendants.

DON J. YOUNG, District Judge:

This cause came to be heard upon the filing by plaintiffs of a motion for attorney's fees pursuant to 42 U.S.C. § 1988, which permits a prevailing party in a civil rights action to recover its reasonable attorney's fees as a part of costs. Plaintiffs point out that the final judgment in this action filed on February 29, 1980 did not address the issue of costs and expenses of litigation. Plaintiffs sense that this omission was an inadvertent clerical error and that plaintiffs are entitled to costs and expenses of litigation, including a reasonable attorney's fee under § 1988.

Defendants oppose the motion on the ground that said motion was not timely filed. Defendant further contends that the notice of appeal of this action filed on March 24, 1980 has divested this Court of jurisdiction to act upon the motion for award of attorney's fees.

Relying on *Hirschkop v. Snead*, 475 F.Supp. 59 (E.D.Va.1979), defendants contend that plaintiffs' motion for attorney's fees is in actuality a motion to amend judgment, which must be brought within ten days of the entry of final judgment under Rule 59(e), Fed.R.Civ.P. Defendants point out that plaintiffs filed their motion for attorney's fees twenty days after the entry of final judgment.

This Court rejects defendants' arguments with respect to the timeliness of plaintiffs' motion for attorney's fees. This Court recognizes that some recent cases from other circuits have held that a motion for an award of attorney's fees under § 1988 must be filed within ten days of the entry of final judgment. *White v. New Hampshire Dept. of Employment Security*, 629 F.2d 697 (1st Cir. 1980); *Hirschkop v. Snead*, supra. These courts reasoned that such a motion is in the nature of a motion to amend judgment under Rule 59(e). However, the Fifth Circuit has recently reached a contrary result and has held that attorney's fees are awarded under § 1988 as a part of "costs" and that such a request is not governed by the strict time limits of Rule 59(e). *Knighton v. Watkins*, 616 F.2d 795, 797–98 (5th Cir. 1980).

Under the circumstances of the present case, this Court will adopt the view of the Fifth Circuit in the *Knighton* case. A plain reading of § 1988 indicates that attorney's fees are to be awarded "as a part of costs." A motion for award of costs is not governed by any strict time limit under the Federal Rules. *Knighton v. Watkins*, 616 F.2d at 797–98. This Court finds that the interest of justice will not be served by holding counsel to a strict ten–day requirement established by some recent cases from other circuits. This decision is in part a result of this Court's distaste for denying a party's recovery on the basis of strict technicalities.

Second, the circumstances of this case do not compel this Court to follow a strict ten day requirement. The facts show that plaintiff filed his application for attorney's fees only twenty days after the entry of final judgment. This short period of time certainly does not represent an undue delay. In addition, this Court's failure to award costs of litigation was an inadvertent clerical error, which is arguably remedial by a motion under Rule 60. For these reasons, this Court will not impose a ten day limit upon the filing of a motion for attorney's fees under § 1988.

However, this Court does agree with the defendants that the filing of the cross–notices of appeal does divest this Court of jurisdiction to rule upon the plaintiffs' motion for attorney's fees at this time. See *Wright v. Jackson*, 522 F.2d 955 (4th Cir. 1975). This Court feels, however, that such circumstances should not result in the overruling of plaintiffs' motion, thereby denying his right to recover attorney's fees. Instead, plaintiffs' motion for attorney's fees will be held in abeyance pending the outcome of the appeal.

THEREFORE, for the above stated reasons, good cause appearing, it is

ORDERED that plaintiffs' motion for attorney's fees be held in abeyance pending the outcome of the appeal of this action.