See also, D.C., 510 F.Supp. 1359.

---

**Gregory H. O'CONNOR**

v.

**Gerald KELLER, etc., et al.**

**Civ. No. M–78–2204.**

United States District Court,
D. Maryland.

June 12, 1981.

Thomas L. Crowe, Juliet A. Eurich, and Cable, McDaniel, Bowie & Bond, Baltimore, Md., for plaintiff.

Stephen H. Sachs, Atty. Gen. of Maryland, Donald R. Stutman and Alice G. Pinderhughes, Asst. Attys. Gen., Baltimore, Md., for defendants.

JAMES R. MILLER, Jr., District Judge.

On March 31, 1981, the Clerk entered a judgment in this case in accordance with the Court's Memorandum and Order filed that same date (Paper Nos. 94 and 95). On April 10, 1981, the plaintiff petitioned for an award of attorney's fees pursuant to 42 U.S.C. § 1988 (Paper No. 96). On May 2, 1981, the defendants requested, and the Court granted, a motion for an extension of time until June 1, 1981, in which to respond to the attorney's fees petition (Paper No. 97).

However, also on May 2, 1981, the defendants filed a notice of appeal (Paper No.

98). Subsequently, the plaintiff filed a notice of cross-appeal (Paper No. 99). In accordance with the Court's Order of May 2, 1981, the defendants' response to the attorney's fees petition was filed on June 1, 1981 (Paper No. 101).

At first glance, it would appear that because notices of appeal have been filed this Court is without jurisdiction to rule on the petition for attorney's fees. *See Wright v. Jackson*, 522 F.2d 955, 957–58 (4th Cir. 1975); *Janicki v. Pizza*, 501 F.Supp. 312, 313 (N.D. Ohio 1980). However, under the circumstances of this case, the Court concludes that the notices of appeal are without effect, and that the Court does have jurisdiction to rule on the petition for attorney's fees.

 Several courts have held that, in the usual case, a petition for attorney's fees under section 1988 that is filed after the entry of judgment should be treated as a motion to alter or amend a judgment under Rule 59(e), Fed.R.Civ.P. *See, e. g., White v. New Hampshire Department of Employment Security*, 629 F.2d 697, 700–04 (1st Cir. 1980); *Hirschkop v. Snead*, 475 F.Supp. 59, 60–64 (E.D.Va.1979). *Cf. Anderson v. Morris*, 500 F.Supp. 1095, 1105–06 (D.Md.), *aff'd*, 636 F.2d 55 (4th Cir. 1980). *But see Knighton v. Watkins*, 616 F.2d 795, 797–98 (5th Cir. 1980). If the plaintiff's petition were so treated in this case, it is plain that the petition was timely filed. In addition, since the notices of appeal were filed while this petition was still pending, under Rule 4(a)(4), Fed.R.App.P., as amended in 1979, the notices would "have no effect," and new notices "must be filed within the prescribed time measured from the entry of the order disposing of" the attorney's fees petition. *See 9 Moore's Federal Practice* ¶ 203.11 at 3–49 to 3–50, ¶ 204.12[1] at 4–64 to 4–67 (2d ed. 1980).

While this Court does not believe that a petition for attorney's fees under section 1988 must always be filed within the time allowed by Rule 59(e), *see Anderson v. Morris*, 500 F.Supp. at 1105–06, it is appropriate to treat the instant petition as a motion under that Rule.[1] To do otherwise would allow the defendants to prevent a decision during the pendency of the appeal, promote the possibility of piecemeal appeals, and deprive the District Court of an opportunity to rule on the petition while the merits of the parties' positions and other aspects of the case could be recalled readily. *See Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980).

According to Professor Moore, when an appeal is noticed while a Rule 59(e) motion is pending "[t]he appeal simply self-destructs, eliminating all difficulties attendant to the theory that the pendency of the appeal destroys the jurisdiction of the district court." 9 *Moore's Federal Practice* ¶ 204.-12[1] at 4–65 n.17 (2d ed. 1980). Thus, although it is unnecessary to vacate the notices of appeal, the Clerk is instructed not to transmit the record in this case to the Court of Appeals until such time as the Court rules on the petition for attorney's fees and the party seeking to appeal files a new notice of appeal.

---

1. Although it may be that attorney's fees petitions should generally be treated as part of the costs under Rule 54(d), Fed.R.Civ.P., neither party has filed a bill of costs in this case. *Cf. Gary v. Spires*, 634 F.2d 772, 773 (4th Cir. 1980) (award of attorney's fees to defendants vacated where defendants did not file section 1988 petition until two months after time for appeal had expired, and did not move to include such fees in costs taxed by the Clerk).