**Sa'ad EL-AMIN**

v.

**Justin WILLIAMS, et al.**

**Civ. A. No. 81–0501–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Nov. 19, 1981.

Paul Wannemacher, Richmond, Va., for plaintiff.

---

G. Wingate Grant and Debra J. Prillamen, Asst. U.S. Attys., Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

### I. Introduction

On 26 May 1981, defendants, the United States Attorney for the Eastern District of Virginia and two Assistant United States Attorneys, removed plaintiff's defamation suit to this Court and filed a motion to dismiss. The Court granted the motion to dismiss on 23 June, ruling that under the facts in this case, defendants were protected by absolute immunity. Judgment was entered for defendants on the same day.

On 10 July, seventeen days later, defendants filed a motion for attorneys' fees, alleging that the action was brought in bad faith. Upon consideration of briefs submitted on the timeliness of the motion, the Court holds that the motion for attorneys' fees was untimely under Rule 59(e), Fed.R. Civ.P. Therefore, the Court has no jurisdiction to consider the merits of the motion.

### II. Finality of Judgment

Defendants argue that the order of 23 June did not adjudicate all claims before the Court; therefore, the order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b). In their motion to dismiss filed 26 May, defendants included a request for attorneys' fees. Because the Court did not rule on this request in granting the motion to dismiss, defendants contend that the decision of 23 June only partially disposed of the case. According to defendants, this now standard request for attorneys' fees is sufficient to present a

"claim for relief" that endures after a dismissal has otherwise disposed of the case.

Under defendants' argument, it is doubtful that this Court has issued a final judgment in over seven years. Attorneys habitually insert numerous theories of and requests for relief in their pleadings. Before making a dispositive decision, the Court would need to conduct a scavenger hunt through all of the pleadings, searching for any requests for relief mentioned, however briefly or cursorily.

■ In virtually every case, in both Complaint and Answer, in dispositive as well as interlocutory motions, counsel fees and other forms of relief are requested; the requests are then disregarded by everyone unless appropriately pressed during the litigation.[1] Defendants attempt to convert this legal "boiler plate" into a separate claim for relief. But federal procedures bar their endeavor.

■ In defendants' motion to dismiss they did not brief the claim for attorneys' fees or even allege grounds for the request. Local Rule 11(F) mandates that all motions, except those specifically excluded by the Rule, "shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." Unless a motion is so briefed, it is equivalent under the Local Rule to not being filed at all.[2] Since defendants did not brief or otherwise bring to the attention of the Court the motion for fees in the 26 May filing, the judgment of 23 June disposed of all claims then before the Court.

Defendants argue that a contrary view is expressed in the recent Fourth Circuit deci-

---

**1.** Defendants argue that, unlike most litigants, the United States Attorneys' Office does not routinely request attorneys' fees, but it concluded that such a request was appropriate in this case. The Court is not omniscient; it cannot be expected to know who generally requests fees and who generally does not and from this knowledge to determine the seriousness of the request.

**2.** The party filing a motion has the duty to bring the motion to the attention of the Court. Local Rule 11(I). A motion that is briefed is always brought to the Court's attention. One that is not briefed is never brought to the Court's attention. It follows that a failure to brief a motion constitutes a "failure to bring the matter to the attention of the Court," and a withdrawal of the motion. Local Rule 11(I).

sion, *Anderson v. Morris*, 658 F.2d 246 (4th Cir. 1981). In *Anderson* the Fourth Circuit held that the judgment was not final because the request for attorneys' fees under 42 U.S.C. § 1988 was made in the initial Complaint but was not addressed in the district court's final order. *Anderson* is inapplicable here where defendants' request for attorneys' fees was not under § 1988 but was under the bad faith doctrine. Although defendants argue that this distinction is irrelevant, it may well be argued to the contrary. When attorneys' fees are requested pursuant to § 1988 in a Complaint, the Court is at least aware of the basis for the request. A general request for attorneys' fees in every case, without brief or basis, is somewhat different from a specific request under § 1988 in a civil rights case.

Moreover, and more persuasive to this Court, *Anderson* does not consider whether there is a local rule of the District of Maryland equivalent to our Local Rule 11(F) and (I) which would have operated to make the judgment final, despite a request for attorneys' fees in the Complaint.[3] Considering the disruption in orderly court procedure inherent in an unwarranted extension of *Anderson*, the Court will not presume it was intended to overrule duly adopted local rules when such an issue apparently was not raised and clearly was not dealt with in the opinion.

### III. Application of Rule 59(e)

In *Hirschkop v. Snead*, 475 F.Supp. 59 (E.D.Va.1979), this Court held that a request for attorney's fees under 42 U.S.C. § 1988 is a motion to alter or amend a judgment and must be made within ten days of entry of judgment.[4] Rule 59(e), Fed.R.Civ.Pro. Although defendants argue that the distinction between § 1988 and the bad faith doctrine is irrelevant for purposes of determining if the judgment is final,

they argue that the ten day restriction applied to the § 1988 motion in *Hirschkop* should not apply to this bad faith request for fees. But defendants cite no authority and the Court has discovered none which establishes an exception to Rule 59(e) for fee requests under the bad faith doctrine.

In fact, there is authority to the contrary. The Fifth Circuit disagreed with *Hirschkop* in *Knighton v. Watkins*, 616 F.2d 795, 797–98 (5th Cir. 1980), a § 1988 case.[5] But the Court in *Knighton* approved its prior holding in *Stacy v. Williams*, 446 F.2d 1366 (5th Cir. 1971), that the ten-day limitation of Rule 59(e) applies to attorneys' fees requests under the bad faith doctrine. *Knighton v. Watkins*, 616 F.2d at 797.

Defendants argue finally that because the issue of attorney's fees could not be resolved until the Court had ruled on the merits, it would have been premature to have pursued the issue before resolution of the case. This argument is not persuasive. The Court sees no barrier to arguing concurrently that the motion to dismiss should be granted because defendants enjoy absolute immunity and that attorneys' fees should be awarded because the action was brought in bad faith. Further, this argument presents no defense to the failure to file the motion within ten days after the granting of the motion to dismiss.

For these reasons, the judgment of 23 June was a final judgment. The motion for attorneys' fees was a motion to alter or amend the judgment. As such, it was untimely under Rule 59(e). Therefore, this Court is without jurisdiction to consider the motion and it is DISMISSED.

And it is so ORDERED.

---

3. Although plaintiffs in *Anderson* did file a motion for attorneys' fee and memorandum in support twelve days after the Fourth Circuit affirmed the District Court's granting of the injunction, *Anderson v. Morris*, 500 F.Supp. 1095 (D.Md.1980), the Fourth Circuit did not consider this motion as the basis for its holding that the request for attorneys' fees was timely.

4. The decision in *Anderson* does not disturb the ruling in *Hirschkop* where the plaintiff made no request for attorney's fees until more than ten days after entry of judgment.

5. In *White v. New Hampshire Department of Employment Security*, 629 F.2d 697, 700–03 (1st Cir. 1981), the First Circuit rejected *Knighton* and agreed with *Hirschkop*.