Terry MARCUM, LaDawn Whitlock, and Dinah Christian, Plaintiffs,

v.

Amy DAHL and Wade Walker, Defendants.

No. CIV–78–01105–D.

United States District Court, W. D. Oklahoma.

Dec. 21, 1981.

See also 10 Cir., 658 F.2d 731.

Billy J. Hendrix, Oklahoma City, Okl., for plaintiffs.

R. D. Looney, Sr. and Kenneth Coe, Oklahoma City, Okl., Kurt F. Ockershauser and Stanley M. Ward, Norman, Okl., for both defendants.

## ORDER

DAUGHERTY, District Judge.

This action is now before the Court on Motion of the Defendants for attorneys' fees and expenses incurred on appeal. Said Motion cites 42 U.S.C. § 1988 as the authority of this Court to grant the same.[1] The Motion should be denied.

This action was brought by the Plaintiffs under 42 U.S.C. § 1983. The Plaintiffs alleged that the Defendants, administrators in the athletic department at the University of Oklahoma, deprived them of their First Amendment rights to free speech by recommending nonrenewal of the Plaintiffs' basketball scholarships because of remarks of the Plaintiffs to the press regarding their coaches. The Plaintiffs requested compensatory and punitive damages for the alleged violation of their right to free speech and also for an alleged violation of their right not to be deprived of property without due process of law. The case was tried to a jury. The jury brought in a verdict for the Plaintiffs as to certain compensatory damages.

1. This statute provides in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Subsequently, the Court sustained the Motion of the Defendants for judgment notwithstanding the verdict. The Court held that there was no evidence to support the due process claim and, as to the First Amendment claim, held that (1) the Plaintiffs' comments to the press and otherwise concerning the basketball program were not matters of public concern; (2) Plaintiffs' comments were such as to interfere with maintaining team discipline and harmony among the team members; (3) the relationship of the Plaintiffs to other team members and to the Defendants was the kind of close working relationship for which personal loyalty and confidence are necessary and may be seriously undermined by public criticism; (4) their comments were not a substantial or motivating factor in the decision not to renew Plaintiffs' scholarships, *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Schmidt v. Fremont County School District No. 25*, 558 F.2d 982 (Tenth Cir. 1977); and (5) the minds of reasonable men could not differ as to the conclusions to be drawn from the evidence, together with all reasonable inferences therefrom, viewed in the light most favorable to the Plaintiffs, thereby entitling the Defendants to a judgment notwithstanding the verdict dismissing Plaintiffs' action, *Barnett v. Life Insurance Company of the Southwest*, 562 F.2d 15 (Tenth Cir. 1977), and cases cited therein.

There were no other proceedings in the District Court. The Plaintiffs timely appealed, and the Court of Appeals for the Tenth Circuit affirmed on the basis of the reasons and authorities given by the trial court. 658 F.2d 731. The judgment of the Court of Appeals was filed with the Clerk of the Court of Appeals on August 24, 1981, and with the Clerk of this Court on September 18, 1981. Ten days later, on September 28, 1981, the Defendants filed this Motion in this Court for expenses and attorneys' fees incurred on appeal. The Motion was accompanied by a Brief, and the Plaintiffs have filed a Response Brief in opposition to the Motion. No further proceedings have been had in the Court of Appeals.

 This Court finds no basis for its jurisdiction to entertain the instant Motion for an award of attorney fees and expenses incurred by Defendants only on appeal. Nor has any authority for such jurisdiction been cited to the Court by the Defendants. The Judgment of this Court did not provide for attorney fees or expenses for Defendants incurred at the trial level. No request was made for the same to this Court by the Defendants in their Answer or otherwise. The Judgment of this Court became final and an appeal therefrom became available and was taken under 28 U.S.C. § 1291. Apparently, the Defendants did not request the Court of Appeals to grant an award of attorney fees and expenses incurred by them on appeal. The Judgment of the Court of Appeals affirming the Judgment of this Court was filed in this Court as stated above on September 18, 1981. This Judgment does not provide for appellate attorney fees and expenses nor does it direct this Court to ascertain and award the same. An award of attorneys' fees and expenses by this Court as requested by the Motion under consideration would be an amendment to or alteration of the Judgment of the Court of Appeals and not the Judgment of this Court. Only the Court of Appeals may amend or alter its Judgment. This Court does not enjoy this privilege.[2]

---

2. See *Lee v. Terminal Transp. Co.*, 301 F.2d 234 (Seventh Cir. 1962) (post-judgment interest); *United States Fidelity & Guaranty Company v. Perkins*, 388 F.2d 771 (Tenth Cir. 1968) (amending pleadings).

The Court of Appeals for the Fourth Circuit, in a case wherein a district court awarded attorneys' fees after affirmance by the Court of Appeals, and the judgment of the Court of Appeals was silent on the issue of attorneys' fees, has said:

"Further jurisdiction of the district court, if any, was dependent upon the terms of the appellate mandate, and when we affirmed the final judgment this put an end to the litigation and the district court had no authority to reopen the case for the consideration of attorney fees or any other purpose."

Hence, this Court finds no authority to grant the relief requested by Defendants' Motion now before it.

 Moreover, if Defendants' Motion is appropriate for this Court to entertain, it would not be granted under the guidelines of *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). In a similar situation under 42 U.S.C. § 2000e–5(k), the United States Supreme Court said:

> In sum, a district court may in its discretion award attorneys' fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> \* \* \* \* \* \*
>
> (A Title VII plaintiff may be ordered to pay his opponent's attorneys' fees if) a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorneys' fees incurred by the defense.

These rules apply to motions for attorneys' fees under 42 U.S.C. § 1988, *Glass v. Pfeffer*, 657 F.2d 252 (Tenth Cir. 1981), and to such motions for fees incurred on appeal, *Lujan v. State of N.M. Health & Soc. Serv.*, 624 F.2d 968 (Tenth Cir. 1980). Having heard the evidence and arguments of the parties at the jury trial herein and on judgment notwithstanding the verdict and assuming that the issues before this Court were those raised on appeal, this Court is unable to conclude that Plaintiffs' appeal was frivolous, unreasonable or without foundation nor taken in bad faith. A presentation and consideration of the evidence and the applicable law was required for this Court to reach its findings and conclusions as set forth in its Judgment notwithstanding the verdict. The Court is unable to conclude that an appellate review of the matters before this Court was frivolous, unreasonable or without foundation or that such appeal was taken by Plaintiffs in bad faith.

Therefore, on the basis that this Court concludes that it has no jurisdiction to amend or alter the Judgment of the Court of Appeals by adding an award of appellate attorney fees and expenses thereto, but if the Court is in error in this conclusion, then on the basis that the appeal taken herein was not frivolous, unreasonable or without foundation or was taken in bad faith by the Plaintiffs, the said Motion of Defendants should be denied.

---

*DuBuit v. Harwell Enterprises, Inc.*, 540 F.2d 690, at 693 (Fourth Cir. 1975).

In a case wherein the Civil Rights Attorneys' Fees Act of 1976, 42 U.S.C. § 1988, became law after an appellate mandate rendered a final judgment, it was held that consideration of an award of attorneys' fees was a proceeding not authorized by, but inconsistent with, the mandate. *Gonzales v. Fairfax-Brewster School, Inc.*, 569 F.2d 1294 (Fourth Cir. 1978).