Deborah FRITZ, Appellant,

v.

**HONDA MOTOR CO., LTD., et al.**

No. 86–7027.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 16, 1987.

Decided May 8, 1987.

Frank Martell, with whom Aaron M. Levine and Thomas Fortune Fay, Washington, D.C., were on the brief, for appellant.

Paul M. Honigberg, with whom Michael A. Brown, Robert L. Zisk, Washington, D.C., Harold L. Schwab and James J. Yukevich, New York City, were on the brief, for appellees.

Before WALD, Chief Judge, and SILBERMAN and D.H. GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM.

Appellant Aaron M. Levine served as counsel for plaintiff Deborah Fritz in a products liability action against appellees Honda Motor Co., Ltd. and American Honda Motor Co., Inc. (hereinafter jointly referred to as "Honda"). The District Court dismissed the action and awarded $10,847.77 in costs and attorney's fees to Honda, finding that Levine's conduct in the litigation had been "unreasonable, vexatious and harassing, as well as an abuse of the processes of this court." *Fritz v. Honda Motor Co., Ltd.*, No. 85–1694, slip op. at 8 (D.D.C. Mar. 19, 1986) (memorandum order granting defendants' motion for costs and attorney's fees) (*"Fritz I "*); *Fritz v. Honda Motor Co., Ltd.*, No. 85–1694, slip op. at 2 n. 1 (D.D.C. July 31, 1986) (memorandum order granting in part and denying in part plaintiff's motion for reconsideration) (*"Fritz II "*).

The District Court based its imposition of sanctions on four instances of misconduct by Levine in the course of the litigation. The court found that Levine refused to dismiss the complaint voluntarily after being informed by defendants' counsel that service of process on Honda Motor Co., Ltd. (a Japanese corporation) had been defective, thereby forcing Honda to file a motion to dismiss to which Levine made no opposition. The court held that "in refusing to cooperate with defendants'

counsel and then in not opposing defendants' motion[ ], plaintiff's counsel acted in bad faith and multiplied the proceedings vexatiously and unreasonably." *Fritz I* at 5. Accordingly, the court ordered Levine to pay the costs and attorney's fees incurred by Honda in filing the motion to dismiss, basing its award on 28 U.S.C. § 1927, which permits the assessment of costs and fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously," and on the court's inherent power to assess attorney's fees against counsel under the bad faith exception to the "American rule" that litigants ordinarily cannot recover attorney's fees. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765–66, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980).

The District Court also concluded that Levine was guilty of discovery-related misconduct. The court found that Levine acted improperly in taking the deposition of Edward Glynn, a Honda employee, when Levine had no intention of proceeding with the litigation in federal court. Levine announced at the end of the Glynn deposition that he was thinking of bringing a new action on behalf of plaintiff Fritz in Maryland state court; he had in fact already filed a complaint in the Circuit Court for Prince George's County, Maryland the day before. The District Court held that "Mr. Levine's failure to represent truthfully the status of the Maryland case and his taking of the deposition despite his obvious intent to litigate his client's case in state court was a blatant misuse of the federal discovery procedures," *Fritz I* at 6, and accordingly ordered Levine to pay Honda's costs and attorney's fees associated with the Glynn deposition. The court also found that Levine advised Fritz not to appear for her scheduled deposition, although neither the court nor defendants' counsel had authorized her nonappearance. It therefore ordered Levine, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, to pay Honda's expenses, including attorney's fees, caused by Fritz's failure to appear. Finally, the court found that Levine failed to answer interrogatories filed by Honda, without requesting either an extension or a

protective order. Levine was required to pay the costs and attorney's fees incurred by Honda in preparing and filing the interrogatories.

Our review of an award of costs and attorney's fees is limited; we may not reverse such an award "save for legal error or abuse of discretion." *Lipsig v. National Student Marketing Corp.,* 663 F.2d 178, 182 n. 34 (D.C.Cir.1980). In this case, the court found that Levine repeatedly took actions which required Honda to expend unnecessary time and money, even though he had no intention of pursuing this litigation in federal court. Such conduct has been held to justify an award of costs and attorney's fees. *See id.* at 181 ("[A]dvocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto."). The District Court properly exercised its discretion in imposing sanctions against Levine.

■ Levine argues that the attorney's fees claimed by Honda in connection with the Glynn deposition and with Fritz's failure to appear at her scheduled deposition were excessive, and that the District Court's acceptance of those fees as reasonable was an abuse of the court's discretion. *See* Reply Brief for Appellant at 13–20. In its first memorandum order, the District Court directed Honda to "submit affidavits, time records and such other written evidence as may be necessary to prove the amount of the award of fees and costs to which they are entitled under this order." *Fritz I* at 10. Honda filed this information on April 15, 1986. *See* District Court Docket Nos. 30, 31. In its July 31, 1986 memorandum order setting the amount of attorney's fees and costs Levine would be required to pay, the District Court noted that Levine had not challenged the affidavits and records of hours worked and hourly rates submitted by Honda. *Fritz II* at 6. Levine clearly had an opportunity to challenge the specific hours and rates claimed by Honda's attorneys during the more than three months between the time the affidavits and time records were submitted and

the time the court issued its order specifying the amount of attorney's fees Levine would be required to pay. Because Levine could have argued before the District Court that the attorney's fees claimed by Honda were unreasonable, but did not do so, he may not raise that issue for the first time on appeal. *See District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1084 (D.C.Cir.1984) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal.").[1]

Accordingly, the judgment of the District Court is

*Affirmed.*

---

1. Honda seeks to recover the attorney's fees and costs it incurred in connection with this appeal, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, which permits a court of appeals to award "just damages and single or double costs" (including attorney's fees) to the appellee if it determines that an appeal is frivolous. We do not find this appeal to be frivolous or to have been brought merely for the sake of harassment or delay. We therefore decline to disturb the "strong presumption that each party should pay its own fees on appeal." *See Reliance Insurance Co. v. Sweeney Corp.*, 792 F.2d 1137, 1139 (D.C.Cir.1986).