861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Frederick W. MONCRIEF, Appellant,
v.
Joseph B. KENNEDY.
 No. 87-7178.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 26, 1988.
 
 Before MIKVA and D.H. GINSBURG, Circuit Judges, and MAX ROSENN, Senior Circuit Judge, United States Court of Appeals, Third Circuit*.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the order of the district court, filed July 15, 1987, denying appellant's motion for sanctions under Rule 11 and 28 U.S.C. Sec. 1927, be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Joseph B. Kennedy appeals from the order of the district court, filed July 15, 1987, denying sanctions against appellee Moncrief or his counsel under Rule 11 and 28 U.S.C. Sec. 1927. We affirm.
 
 
 5
 Kennedy claims that Moncrief's filing of Moncrief III to circumvent the denial of leave to amend his complaint in Moncrief II was for an improper purpose within the meaning of Rule 11. Rule 11 mandates sanctions for pleadings, motions and other papers filed for an improper purpose such as to harass, to cause unnecessary delay or needless increase in the cost of litigation. Fed.R.Civ.P. 11. As the district court was in the best position to review the entire course of conduct of the attorney and his client in order to ascertain their purpose in filing, this court will only reverse if the district court abused its discretion. Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174 (D.C.Cir.1985).
 
 
 6
 Here, however, there is considerable support for the district court's assessment. Moncrief offers a plausible explanation for filing the third suit: he filed it in the hope that the judge would consolidate the two suits, for this would add claims for intentional infliction of emotional distress to his suit against Kennedy. Courts have the power to consolidate suits between the same parties concerning the same subject matter and often do. Walton v. Eaton Corp., 563 F.2d 66, 71 (3d Cir.1977). When Moncrief filed, he informed the court that Moncrief II was a related case and requested that Moncrief III be referred to the same judge. The addition of the intentional infliction claims would have improved his chances of obtaining relief as they paralleled his defamation claims but were not time-barred whereas the statute of limitations had run on several of the defamation claims. Moreover, Kennedy is incorrect in citing this court's earlier decision in this case as dispositive. This court merely said that the district court's dismissal of Moncrief III was quite proper. It did not essay any opinion as to whether Moncrief's purpose in filing was improper within the meaning of Rule 11. Frederick W. Moncrief v. Joseph B. Kennedy, mem., No. 87-7177 (D.C.Cir. April 6, 1988).
 
 
 7
 Kennedy next claims that sanctions under Rule 11 are required because the filing was not warranted by existing law or a good faith argument that the law should be extended, modified or reversed as the filing would inevitably be dismissed either as precluded by res judicata or because avoiding an amendment ruling calls for automatic dismissal. The scope of review for this kind of Rule 11 violation is de novo. Westmoreland at 1175. But the district court's did not commit error here. Its denial of leave to amend did not preclude the claims because it was not a decision on the merits. No decision, such as could bar further claims between the same parties on the same subject matter, had yet been reached in Moncrief II. Nor is it clear from precedent that avoiding an amendment ruling will result in automatic dismissal. There is very little law in any jurisdiction on this question, much less the clear line that would be required to disturb Judge Harris' assessment that appellee filed in a good faith attempt to extend the law.
 
 
 8
 Kennedy also claims that Rule 11 sanctions must be imposed because individual allegations in the complaint were unwarranted under current or arguably future law. It is not necessary to determine whether or not Kennedy is correct as the intentional infliction claims were not frivolous allegations. The ultimate success of allegations in a complaint is not dispositive as to their legitimacy for Rule 11 purposes.
 
 
 9
 Kennedy's last claim is that Sec. 1927 sanctions should have been imposed. Courts are empowered to impose sanctions under this statute when proceedings are unreasonably and vexatiously multiplied. The scope of review under Sec. 1927 is narrow, the decision of the district court will only be reversed for abuse of discretion or legal error. Fritz v. Honda Motor Co., 818 F.2d 924, 929 (D.C.Cir.1987). Here, the proceeding was not unreasonably multiplied as the filing of the intentional infliction claims was a reasonable attempt to effect consolidation. The district court's order therefore is affirmed.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 294(d)