PRIORITY ONE SERVICES, INC., Appellee

v.

W & T TRAVEL SERVICES, LLC, Appellant.

No. 12–7016.

United States Court of Appeals, District of Columbia Circuit.

March 25, 2013.

Michael Joseph Klisch, Joshua Michael Siegel, Cooley, LLP, Washington, DC, for Appellee.

Ralph Charles Thomas, Barton, Baker, Thomas & Tolle, LLP, McLean, VA, for Appellant.

Before GARLAND, Chief Judge,
ROGERS and TATEL, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons presented in the accompanying memorandum, it is hereby

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed in part and reversed and remanded in part.

The clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

### MEMORANDUM

In 2008, the National Institutes of Health (NIH) awarded appellant W & T Travel a contract to operate shuttle buses for NIH employees and patients. W & T, in turn, entered into a subcontract with appellee Priority One pursuant to which Priority One would manage some of the shuttle buses on W & T's behalf. The subcontract with Priority One had a one-year term that would be automatically renewed if NIH renewed the prime contract with W & T. The subcontract provided that W & T could terminate its arrangement with Priority One if, *inter alia*, Priority One failed to cure a material breach. The subcontract contained a broad arbitration clause as well as a choice-of-law provision, which specified that federal law would govern where applicable and that Maryland law would govern otherwise.

A few months into the subcontract's first option year, W & T terminated its arrangement with Priority One on the ground that Priority One had failed to cure a material breach. Priority One initiated arbitration, and a panel of arbitrators, applying Maryland law, ultimately found that no material breach had actually occurred. Accordingly, it awarded Priority One lost profits and prejudgment interest for the remainder of that year. In addition, finding that NIH had renewed the prime contract for an additional year prior to the supposed breach, the panel also awarded lost profits and post-judgment interest for the contract's second option year.

In the district court, Priority One filed a petition to confirm the arbitration award, and W & T filed a motion to vacate or modify it. The district court granted W & T's motion to modify the award only as to the panel's calculation of prejudgment interest, and it confirmed the panel award in all other respects. The court also awarded $9,369.50 in attorney's fees to Priority One.

On appeal, W & T challenges the district court's decision to uphold the arbitration award, as well as the fee award.

"As we have repeatedly recognized, 'judicial review of arbitral awards is extremely limited,' and we 'do not sit to hear claims of factual or legal error by an arbitrator as [we would] in reviewing decisions of lower courts.' " *Kurke v. Oscar Gruss & Son, Inc.*, 454 F.3d 350, 354 (D.C.Cir.2006) (quoting *Teamsters Local Union No. 61 v. United Parcel Service, Inc.*, 272 F.3d 600, 604 (D.C.Cir.2001)) (alteration in original). In seeking to overturn the panel's award, W & T invokes one of the four statutory grounds for doing so—namely, courts may vacate arbitration awards where the arbitrators "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9

**6**

U.S.C. § 10(a)(4). As before the district court, W & T argues that the panel exceeded its powers when it applied Maryland law instead of federal law, calculated the amount of lost profits, awarded damages for the second contract year, and awarded prejudgment interest.

None of these arguments, however, identifies a way in which the panel exceeded its powers. W & T could be right that the panel got each of these questions wrong, but, so long as the panel "was 'arguably construing or applying the contract,' a court must defer to the arbitrator's judgment." *Madison Hotel v. Hotel & Restaurant Employees, Local 25, AFL–CIO*, 144 F.3d 855, 859 (D.C.Cir.1998) (quoting *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)). Even "when the arbitrators give no explanation for their decision, as commonly occurs in arbitration ... we must confirm the award 'if any justification can be gleaned from the record.'" *Kurke*, 454 F.3d at 354 (quoting *GMS Group, LLC v. Benderson*, 326 F.3d 75, 78 (2d Cir.2003)). The panel's determination that Maryland law governed was plainly based on its construction of the W & T–Priority One subcontract, and a reasonable justification for its damages award may be gleaned from the record. The standard of review permits us to make no further inquiry.

But W & T's challenge to the district court's attorney's fees award is a different story. A district court has inherent authority to order sanctions, including attorney's fees, if a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotation marks omitted); *see also Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 181 (D.C.Cir.1980). But in order to do so, the court must "make a specific finding,"

by clear and convincing evidence, that a party so acted. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *see also Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1478 (D.C.Cir.1995) (adopting "clear and convincing evidence" standard). Because the district court made no such finding before awarding fees in this case, we reverse the district court's award and remand the attorney's fees issue for further proceedings.