**PRIORITY ONE SERVICES, INC., Petitioner,**

**v.**

**W & T TRAVEL SERVICES, LLC, Respondent.**

**Civil Action No. 10–1873(BAH)**

United States District Court, District of Columbia.

Filed July 30, 2013

Joshua M. Siegel, Cooley, LLP, Washington, DC, for Petitioner.

Ralph Charles Thomas, III, Barton, Baker, Thomas & Tolle LLP, McLean, VA, for Respondent.

## MEMORANDUM OPINION
## AND ORDER

BERYL A. HOWELL, United States District Judge

Pending before the Court is petitioner Priority One Services, Inc.'s ("Priority One") renewed motion for attorney's fees and costs, and respondent W & T Travel Services, LLC's ("W & T") motion to rescind the Court's May 7, 2013 Minute Order and to modify the Court's January 22, 2012 Order. On August 23, 2011, the Court granted Priority One's petition to confirm an arbitration award, which arose out of a contract between Priority One and W & T. *See Priority One Servs., Inc. v. W & T Travel Servs., LLC ("Priority One I")*, 825 F.Supp.2d 43 (D.D.C 2011). As a part of that decision, the Court also awarded Priority One the costs and fees associated with the filing of its sur-reply brief. *See id.* at 48 n.9; *see also Priority One Servs. v. W & T Travel Servs., LLC ("Priority One II")*, 841 F.Supp.2d 64 (D.D.C. 2012) (awarding attorney's fees and costs to Priority One). The Court of Appeals affirmed this decision in all but one part: the D.C. Circuit vacated and remanded the award of attorney's fees and costs. *Priority One Servs., Inc. v. W & T Travel Servs., LLC ("Priority One III")*, 502 Fed. Appx. 4 (D.C.Cir.2013). In response to that decision, this Court permitted Priority One to file a renewed motion for attorney's fees and costs. Upon consideration of that renewed motion, the Court concludes that, although W & T's litigation conduct was careless and borderline incompetent, it did not rise to the level of bad faith. Accordingly, for the reasons discussed below the

Court denies Priority One's renewed motion for attorney's fees and costs and also denies W & T's motion to rescind and modify.

## I. BACKGROUND

On November 3, 2010, Priority One filed a petition to confirm an arbitration award entered in its favor. *See* Pet. Confirm Arbitration Award, ECF No. 1. On January 18, 2011, W & T filed a motion to vacate, modify, and correct the same arbitration award, contending that the arbitration panel made certain errors. *See* Resp't's Mot. to Vacate at 1–2, ECF No. 6. On February 4, 2011, Priority One filed an opposition to W & T's motion to vacate and, on February 11, 2011, W & T filed the reply brief that is the root cause of these post-appeal proceedings. *See* Resp't's Reply, ECF No. 8. Apparently caught up in litigation fervor, W & T argued in its reply brief that the Court should giant the motion to vacate as conceded "due to the fact that [Priority One's] Opposition was filed more than 14 days after the date of service of [W & T's] motion in violation of [Local] Rule 7(b)." *Id.* at 1. Had W & T elected to read the Federal Rules of Civil Procedure before filing its reply brief it would have seen that those Rules add three days to the 14–day response period provided in Local Civil Rule 7(b) when service is made electronically, as it was in this case. *See* FED. R. CIV. P. 6(d). Priority One's opposition brief—filed on the seventeenth day after W & T's motion to vacate—was thus timely filed. Because W & T apparently chose not to read the Rules, and chose instead to assert carelessly the aforementioned untimeliness argument, Priority One was forced to seek leave to file a sur-reply brief to address W & T's newly asserted untimeliness ground for relief and defend the timeliness of its opposition. *See* Pet's Mot. for Leave to File Sur-Reply, ECF No. 9. The Court granted

leave to Priority One, and in its sur-reply Priority One correctly identified W & T's error and requested that the Court "award Priority One all costs associated with filing [its] Sur–Reply, including reasonable attorney's fees and costs." *See* Pet.'s Sur-Reply at 3, ECF No. 10.

On August 23, 2011, the Court granted in part and denied in part Priority One's petition to confirm the arbitration award, granted in part and denied in part W & T's motion to vacate or modify the arbitration award, and awarded Priority One the costs associated with filing the motion for leave to file a sur-reply, as well as the sur-reply itself. *Priority One I*, 825 F.Supp.2d at 48 n.9, 57. At the Court's direction, Priority One filed an accounting of its attorney's fees and costs and, after permitting W & T an opportunity to respond to that accounting, on January 22, 2013, the Court awarded Priority One $9,369.50 in attorney's fees and costs. *See Priority One II*, 841 F.Supp.2d at 69.

On appeal, the D.C. Circuit affirmed this Court's ruling on the merits of the arbitration award dispute, but reversed and remanded the Court's award of attorney's fees. *See Priority One III*, 502 Fed.Appx. at 6. The Court of Appeals recognized that courts have the "inherent authority to order sanctions, including attorney's fees, if a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *See id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). The Court of Appeals held, however, that this Court "made no such finding before awarding attorney's fees in this case," and accordingly it "reverse[d] [this Court's] award and remand[ed] the attorney's fees issue for further proceedings." *Id.* On remand, this Court entered a scheduling order, which allowed Priority One to file a renewed motion for attorney's fees and also permit-

ted W & T to oppose that motion. *See* Minute Order dated May 7, 2013. Although not provided for in the Court's scheduling order, on May 16, 2013, W & T filed a motion "to rescind [the Court's] Minute Order of May 7, 2013 and to modify its Order of January 22, 2011 [sic] to conform to the Mandate of the U.S. Court of Appeals." *See* Mot. to Rescind & Modify at 1, ECF No. 23. On May 17, 2013, Priority One filed its renewed motion for attorney's fees, as directed by the Court. *See* Pet'r's Renewed Mot. for Att'y's Fees, ECF No. 24. These two motions are now pending before the Court.

## II. LEGAL STANDARD

■ Courts have the inherent power to impose sanctions "to achieve the orderly and expeditious disposition of cases." *Chambers,* 501 U.S. at 43, 111 S.Ct. 2123 (internal quotation marks omitted). While other sanctioning mechanisms exist, such as FED.R.CIV.P. 11 [1] and 28 U.S.C. § 1927,[2] their availability does not preclude the court from exercising its inherent power. *See Chambers,* 501 U.S. at 46–47, 111 S.Ct. 2123. Egregious misconduct may warrant the extreme sanction of total dismissal, but for lesser wrongdoing a court may assess attorney's fees and costs. *Id.* at 45, 111

S.Ct. 2123; *see also United States v. Wallace,* 964 F.2d 1214, 1219 (D.C.Cir.1992). This is known as the bad-faith exception to the "American Rule," which "ordinarily requires parties to shoulder their own counsel fees and other litigation expenses." *See Lipsig v. Nat'l Student Mktg. Corp.,* 663 F.2d 178, 180 (D.C.Cir.1980). To impose monetary sanctions against a party under its inherent power, a court must make "specific finding[s]" that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *see, e.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (internal quotation marks omitted), by "clear and convicting evidence", *see Shepherd v. Am. Broad. Cos., Inc.,* 62 F.3d 1469, 1478 (D.C.Cir.1995).

■ Thus, "the narrow exceptions to the American Rule effectively limit a court's inherent power to impose attorney's fees as a sanction to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders." *Chambers,* 501 U.S. at 47, 111 S.Ct. 2123. The D.C. Circuit has echoed this principle, holding that "it is settled that a finding of bad faith is required for sanctions under the court's inherent powers." *Wallace,* 964 F.2d at 1219. In this regard, "negli-

---

1. Priority One has not requested Rule 11 sanctions in this litigation. Additionally. Rule 11 does not permit monetary sanctions against a party for asserting a frivolous or meritless argument. *See* FED. R. CIV. P. 11(c)(5)(A).

2. Priority One has also not requested sanctions under § 1927. Sanctions under § 1927 are issued against "[a]ny attorney or other person admitted to conduct cases in [federal court]," not the litigants themselves. 28 U.S.C. § 1927. Further, while the purported sanctionable conduct in the instant case involves a single careless act, courts have usually required a showing of repeated or singularly egregious misconduct before sanctioning attorneys under § 1927. *See, e.g., Fritz v.*

*Honda Motor Co.,* 818 F.2d 924, 925 (D.C.Cir. 1987) (upholding § 1927 sanctions where attorney "repeatedly took actions which required [the defendant] to expend unnecessary time and money, even though he had no intention of pursuing this litigation"); *Toombs v. Leone,* 777 F.2d 465, 471–72 (9th Cir.1985) (counsel sanctioned under § 1927 for deliberately failing to meet pretrial brief deadline and then filing, on morning of trial, 148–page trial brief and 34–page exhibit list); *see also Julien v. Zeringue,* 864 F.2d 1572, 1575—76 (Fed.Cir.1989) (sanctioning attorney under § 1927 who "continually missed deadlines, requested at least 10 extensions of time to file his briefs, and [untimely] submitted a joint appendix").

gent, even sloppy, performance by the defense counsel," is insufficient to award monetary sanctions under a court's inherent power. *Id.* at 1215.[3] Comparing bad faith to the "less stringent standard" of recklessness, the D.C. Circuit in *Wallace* held that bad faith "would require finding an intent unreasonably to delay the proceedings," while recklessness "does not require showing unreasonable delay as the *purpose* of the attorney's actions." *Id.* at 1219 (emphasis in original). Thus, the D.C. Circuit requires a clear and convincing showing of subjective bad faith on the part of a litigant before a court may impose monetary sanctions against that litigant under its inherent powers.

## III. DISCUSSION

■ Before discussing the merits of Priority One's renewed motion for attorney's fees, the Court will briefly address W & T's motion "to rescind [the Court's] Minute Order of May 7, 2013 and to modify its Order of January 22, 2011 [sic] to conform to the Mandate of the U.S. Court of Appeals." *See* Mot. to Rescind & Modify at 1. W & T says it filed this motion because it "is concerned that the wording of [the Court's May 7, 2013] Minute Order could be interpreted as the district court already deciding to giant Petitioner's request [for] attorney's fees again and to award the attorney's fees and costs that Petitioner incurs in drafting its renewed motion." *Id* at 2. The respondent's belief is apparently premised on its perception that "it appeals that the Petitioner is being permitted to state the amount of its attorney's fees and costs ... without first being required to demonstrate the behavior on the part of Respondent that must be shown before fees and costs can be awarded." *Id.* at 3.

As a result, W & T contends that this Court's scheduling order was inconsistent with the mandate issued by the Court of Appeals, and it somehow believes that it "should have the first opportunity to request that the district court vacate that part of its Order of January 22, 2012 in which it awarded Petitioner attorney's fees and costs." *Id.* at 2–3. In this same motion, W & T requested that the Court "simply modify its Order of January 22, 2012" because "[i]t is highly unlikely that Petitioner can demonstrate that Respondent's conduct ... was 'bad faith, vexatious, wanton, or oppressive.' " *Id.* at 4 (quoting *Chambers,* 501 U.S. at 45–46, 111 S.Ct. 2123).

Notwithstanding W & T's contentions, this Court's May 7, 2013 scheduling order was perfectly consistent with the Court of Appeals' mandate and did not decide the merits of the renewed attorney's fees motion before it was filed. As discussed above, the Court of Appeals' decision "reverse[d] [this Court's] award and remand[ed] the attorney's fees issue for further proceedings." *See Priority One III,* 502 Fed.Appx. at 6. Since it was Priority One that sought relief from the Court on "the attorney's fees issue," the "further proceeding[ ]" ordered by the Court was a renewed motion for attorney's fees on the part of Priority One. In light of the Circuit's reversal and remand, the merits of awarding attorney's fees to Priority One *vel non* rise or fall with the merits of Priority One's renewed motion. W & T's motion is therefore completely superfluous and amounts to nothing more than a gratuitous attempt to jockey for position as the movant on remand. W & T is tempting fate once again by filing such a half-baked motion, and the Court will deny it as moot.

---

**3.** The Court of Appeals in *Wallace* held that such negligent conduct did not met the arguably lower standard for an award of sanctions under § 1927 and reversed the award of sanctions under that provision as well. *See Wallace,* 964 F.2d at 1219.

■ Turning to the motion that the Court *did* request on remand—the renewed motion for attorney's fees and costs—Priority One contends that the "frivolous" nature of the untimeliness argument presented in W & T's February 11, 2011 reply brief is sufficient to impose monetary sanctions under the Court's inherent power. *See* Mem. in Supp. Pet'r's Renewed Mot. for Atty's Fees ("Pet'r's Mem.") at 4–5, ECF No. 24. The petitioner contends that "[e]xamples of bad faith 'include the filing of a frivolous complaint or meritless motion.'" *Id.* at 4 (quoting *Am. Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 219–20 (D.C.Cir.1991)). The petitioner also contends that "'vexatious' means that a party's actions were 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Id.* (quoting *Wash. Hosp. Ctr. v. Serv. Emps. Int'l Union Local 722, AFL–CIO*, 746 F.2d 1503, 1509–10 (D.C.Cir.1984)). W & T opposes an award of attorney's fees, contending that it "did nothing worthy of sanctions or the grant of attorney's fees to the other party" because it "actually believed that Petitioner filed its Opposition brief three days late." *See* Mem. in Supp. Resp't's Opp'n of Pet'r's Renewed Mot. for Att'y's Fees ("Resp't's Opp'n") at 5, ECF No. 25–1. The gravamen of W & T's opposition is that the untimeliness argument in its reply brief, although careless and prejudicial, was not advanced in bad faith and thus not worthy of sanction.

■ The Court reluctantly agrees with W & T and concludes that there is no clear and convincing evidence of bad faith in this case that would warrant the imposition of monetary sanctions under the Court's inherent powers. Priority One attempts to equate frivolousness with bad faith, citing the D.C. Circuit's decisions in *American Hospital Association* and *Washington Hospital Center*. *See* Pet'r's Mem. at 4.

Those cases indicate that frivolousness can be evidence of bad faith in certain circumstances, and indeed other courts in this Circuit have held that frivolous conduct, especially when repeated, may support a finding of bad faith. *See, e.g., Robertson v. Cartinhour*, 883 F.Supp.2d 121, 129 n. 26 (D.D.C.2012) ("[B]ad faith ... can be proven indirectly through evidence of objective actions that lead to an inference of subjective intent...."). Bad faith, however, requires a finding of *intentional* conduct, not conduct that is merely negligent. *See, e.g., Wallace*, 964 F.2d at 1219 (holding that "bad faith ... require[s] finding an *intent* unreasonably to delay the proceedings" (emphasis added)). Hence, if frivolous conduct is premised upon negligence rather than an intentional desire to delay or multiply proceedings, the conduct is not sanctionable—at least not pursuant to the inherent powers of the Court.

Although the untimeliness argument presented in W & T's reply brief was undoubtedly frivolous, the Court cannot conclude on the instant record that this single frivolous argument, standing alone, constitutes clear and convincing evidence of bad faith. W & T's conduct was "[n]egligent, even sloppy," but the D.C. Circuit has clearly concluded that such conduct—although frowned upon—is not enough to impose monetary sanctions. *See Wallace*, 964 F.2d at 1215. As W & T notes, it filed its reply brief "three days early" (i.e., within seven days, instead of the ten days permitted by the Federal Rules of Civil Procedure and LCvR 7(b)). *See* Resp't's Opp'n at 5. As W & T indicates, respondent's counsel appears to have been genuinely ignorant of how Rule 6(d) operates. How the respondent's counsel could be so carelessly unaware of a basic procedural provision, and why respondent's counsel did not even bother to check the contents of the rule before haphazardly filing its ill-conceived reply brief are questions that

remain unanswered. These unanswered questions, however, only bolster the Court's conclusion that the limited factual record in this case does not provide the requisite clear and convincing evidence that the respondent advanced its untimeliness argument with "an intent unreasonably to delay the proceedings." *See Wallace,* 964 F.2d at 1219.

The frivolous argument presented in W & T's reply brief bordered on outright incompetence. Indeed, there is no excusing W & T's choice to advance such a meritless and sloppy argument, particularly because W & T's carelessness forced Priority One to expend time and effort filing a sur-reply brief and has ultimately led to a second litigation regarding attorney's fees. This sort of conduct wastes scarce judicial resources and interferes with the orderly and expeditious disposition of cases. Nevertheless, because the Court deems it prudent to "exercise caution in invoking its inherent power," *Chambers,* 501 U.S. at 50, 111 S.Ct. 2123, and because the D.C. Circuit requires "clear and convincing evidence" of "bad faith" to impose monetary sanctions under the court's inherent power, *see Shepherd,* 62 F.3d at 1478; *Wallace,* 964 F.2d at 1219, it is hereby

**ORDERED** that Petitioner's Renewed Motion for Attorney's Fees, ECF No. 24, is DENIED; and it is further

**ORDERED** that the portion of the Court's January 22, 2012 Order awarding attorney's fees and costs to petitioner Priority One is VACATED; and it is further

**ORDERED** that the respondent's Motion to Rescind Minute Order 5/7/2013 and to Modify Order of 1/22/12 to Conform to U.S. Court of Appeals Mandate, ECF No. 23, is DENIED as moot.

SO ORDERED.

*This is a final and appealable Order.*